UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 10-293-HRW

MERLIN NICKELS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on April 25, 2007, alleging disability beginning on March 1, 2007, due to his inability to read or write and his high

blood pressure (Tr. 136). This application was denied initially and on reconsideration (Tr. 48-51). On November 12, 2009, an administrative hearing was conducted by Administrative Law Judge Gregory Varo (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 4, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21).

Plaintiff was 43 years old at the date of alleged onset and 46 years old at the time of the hearing decision (Tr. 19). He has a 10th grade education but claims to be illiterate (Tr. 140). His past relevant work experience consists of work as a cable installer / pole climber and farm laborer (Tr. 19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2007 (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffers from hypertension, early degenerative changes L5-S1 with back pain, learning disorder with current testing at the mild mental retardation level, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15). In doing so, the ALJ specifically considered listings 1.04, 4.00, 12.02 and 12.05 (Tr. 15-17).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 19) but determined that he has the residual functional capacity ("RFC") to perform a range of medium work with certain restrictions as set forth in the hearing decision (Tr. 19-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 6, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's decision is erroneous because (1) the ALJ gave insufficient weight to the opinion of Andrew Jones, Ph.D.; (2) the ALJ did not find that his impairments meet or equal Section 12.05, the Listing for mental retardation; (3) the ALJ did not consider his impairments in combination; (4) the ALJ improperly assessed his credibility and (5) the ALJ did not consider the durational requirement of "substantial gainful activity."

### C.   Analysis of Contentions on Appeal

#### 1.   THE ALJ PROPERLY WEIGHED THE OPINION OF PSYCHOLOGICAL CONSULTATIVE EXAMINER ANDREW JONES, PH.D.

Plaintiff's first claim of error is that the ALJ gave insufficient weight to the opinion of Andrew Jones, Ph.D.

5

The opinions of a consultative examiner are evaluated just as any other medical opinion, taking into account the consultant's specialty, the supporting evidence and explanations and any other factors. 20 C.F.R. §§ 404.1527(f), 416.927(f). The regulations, however, do not require the ALJ to set forth the weight given to the medical opinion of a one-time examiner or give reasons for discounting it.

In this case, Dr. Jones conducted a comprehensive examination of Plaintiff in July 2007 (Tr. 239-48). He administered numerous psychological tests, including an IQ test (Tr. 239). The ALJ noted his findings that Plaintiff had a verbal scaled IQ of 60, a performance scaled IQ of 74, and a full scaled IQ of 63 (Tr. 15, 243). He also noted Dr. Jones' diagnosis of learning disorder and mild mental retardation, and that he assessed a GAF score of 45 (Tr. 15, 247). The ALJ noted his opinion that Plaintiff did not presently possess the mental skills and coping mechanisms to adapt or respond to pressures normally found in the work place (Tr. 15, 248). The ALJ incorporated Dr. Jones' finding of impaired stress tolerance into the RFC and included understanding and remembering short, simple instructions, a low pressure work environment, and no tasks requiring reading, writing or math skills (Tr. 17, 248). The ALJ also adopted Dr. Jones' assessment of Plaintiff's ability to consistently interact with friends, supervisors and the

public, the ALJ found that he had no limitations in the area of social functioning (Tr. 16, 248). He also cited his assessment that Plaintiff could understand, remember, and carry out short, simple instructions and maintained concentration, persistence, and pace during the consultative examination and found that Plaintiff had moderate limitations in the area of concentration, persistence, and pace (Tr. 16, 247-48).

Plaintiff maintains that Dr. Jones' finding that he could not respond to workplace pressures indicated he was disabled and mandated a decision in his favor. However, an opinion on whether a claimant is disabled is reserved to the Commissioner because it is dispositive and would direct the determination of disability. 20 C.F.R. §§ 404.1527(e), 416.927(e); see SSR 96-5p, 1996 WL 374183 (S.S.A.). As the Sixth Circuit has stated, "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004). Accordingly, the opinion of Dr. Jones, who was not even a treating physician, on Plaintiff's inability to respond to workplace pressures, was merely one factor the ALJ had to consider.

Plaintiff makes much of Dr. Jones' finding that he had a GAF score of 45. Pl.'s Br. at 3. Yet, it is well established that GAF score may have little or no

bearing on an individual's functioning. *The American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders*,(4th ed. 2000) (DSM-IV-TR). Plaintiff's particular GAF on the date of a particular examination simply was a reflection of his functioning on that day, and not necessarily an indication that he was disabled within the meaning of the Act. The GAF score did not indicate that Plaintiff had noteworthy limitations that lasted for any relevant length of time. 20 C.F.R. §§ 404.1505(a), 404.1509, 416.905(a), 416.909 (impairment must last at least 12 months).

The Court having reviewed the record, finds no error in the ALJ's consideration of Dr. Jones' opinion.

2. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT PLAINTIFF'S IMPAIRMENTS DID NOT MEET OR EQUAL THE LISTING FOR MENTAL RETARDATION.

Plaintiff's second claim of error is that the ALJ did not find that his impairments meet or equal Section 12.05, the Listing for mental retardation.

The Sixth Circuit Court of Appeals stated in *Herr v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical

8

Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, 2000 WL 420700 (6th Cir. 2000) at **2, *quoting Maloney v. Commissioner*, 211 F.3d 1269. In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986)

9

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

Subpart C requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

The Court is mindful of the introductory material to the mental disorders listings which serves to clarify Listing 12.05:

> The structure of the listing for mental retardation (12.05) is different than that of other mental disorders listings. Listing 12.05 contains an introductory paragrapgh with a diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If the impairment satisfies the diagnostic description in the introductory paragrapgh **and** any one of the four sets of criteria, [the Commissioner] will find that the impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 A (emphasis added).

In this case, although Plaintiff had IQ scores which fell within the prescribed range (Tr. 244), the record does not set forth deficits in adaptive functioning, as required by the Listing. Plaintiff's employment history belies any contention of such deficits, as he was able to maintain full-time employment. In addition, the evidence of his daily activities including household chores, further establishes adaptive functioning, rather than any deficits in that regard.

The Court, having reviewed the record, finds that the record contains substantial evidence to support the ALJ's finding that Plaintiff's impairment did not meet or equal Listing 12.05. Given the contradictory evidence, the ALJ's assessment was reasonable. While, arguably, there may be some evidence to the contrary, a Court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). *See also, Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993).

### 3. THE ALJ PROPERLY CONSIDERED ALL OF PLAINTIFF'S IMPAIRMENTS IN COMBINATION.

Plaintiff's third claim of error is that the ALJ did not consider his impairments in combination.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 15). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Moreover, Plaintiff has not explained in what way the ALJ failed to consider the combined effect of his impairments. Nor has he articulated which condition(s) cause additional limitations on his ability to work. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed

12

argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### 4. THE ALJ WAS SUPPORTED BY SUBSTANTIAL EVIDENCE IN HIS CREDIBILITY DETERMINATION.

Plaintiff's fourth claim of error is that the ALJ improperly assessed his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

The ALJ found that Plaintiff was not credible in his assertion that his impairments precluded him from all full-time work activity. Indeed, no physician

13

of record suggested that Plaintiff was incapable of performing any work activity.

The ALJ also found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities. Plaintiff's wife stated that he performs household chores, including cleaning, laundry and yard work (Tr. 164). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the lack of evidence in support of Plaintiff's allegations, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

### 5. THE ALJ'S DETERMINATION THAT PLAINTIFF WAS NOT DISABLED CONSTITUTED A FINDING THAT HE COULD WORK A FULL-TIME JOB.

Finally, Plaintiff contends that the ALJ did not consider the durational requirement of "substantial gainful activity." In support of his argument, Plaintiff relies upon *Gatliff v. Commissioner of Social Security*, 172 F.3d 690 (9th Cir. 1990). *Gatliff* states that substantial gainful activity means more than merely the ability to find a job and physically perform same but also requires the ability to hold the job for a significant period of time. *Id.* at 694.

14

The Court finds that *Gatliff* is not persuasive. First, the record in Gatliff contained considerable evidence that the claimant would not be able to maintain employment for more than a few months due to his mental impairments. *Id.* at 962-963.

Moreover, the Sixth Circuit has repeatedly rejected any suggestions of a separate durational requirement in the analysis of substantial gainful activity. *See Durham v. Astrue*, No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D.Ky. Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 WL 2473627, at *3 (E.D.Ky. Aug. 10, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 WL 2397566, at *6 (E.D.Ky. June 10, 2008). Instead, courts in the Sixth Circuit assume that implicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment. See *Durham*, 2010 WL 672136, at *6; *Garland*, 2008 WL 2397566, at *6.

In this case, implicit in the RFC is a finding that Plaintiff is capable of maintaining employment. This finding is supported by the record. Plaintiff testified that he held the job with the cable company for 9 years (Tr. 30). His earnings records showed that he worked for B and B Aerial Construction LLC or CR Cable Construction, Inc. from 2000 through 2007 (Tr. 119-20).7 The ALJ accepted the VE testimony that Plaintiff could perform three positions (hand-

15

packer, material handler, and unskilled cleaner) based on a hypothetical question that incorporated the restrictions in the RFC he articulated (Tr. 17, 20, 45-46). The VE testimony pre-supposed that a claimant with the restrictions articulated by the ALJ would be capable of performing the job as regularly performed, i.e. on a full-time basis. See 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2) ("other work exists in significant numbers in the national economy that you can do"). The ALJ was supported by substantial evidence in identifying work that Plaintiff could perform on a full-time basis.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of August, 2011.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge

16